NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4253-15T3

AHMED THAKUR,

 Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

 Respondent.
__________________________________________

 Submitted September 19, 2017 – Decided September 25, 2017

 Before Judges Yannotti and Mawla.

 On appeal from the New Jersey Department of
 Corrections.

 Ahmed Thakur, appellant pro se.

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Melissa H. Raksa,
 Assistant Attorney General, of counsel; Erica
 R. Heyer, Deputy Attorney General, on the
 brief).

PER CURIAM

 Ahmed Thakur, an inmate in the State's correctional system,

appeals from a final decision of the New Jersey Department of
Corrections (NJDOC), which found that he committed prohibited act

*.004, fighting with another person, in violation of N.J.A.C.

10A:4-4.1(a)(2)(i), and imposed disciplinary sanctions.1 We

affirm.

 This appeal arises from the following facts. In March 2016,

Thakur was an inmate at Northern State Prison in Newark. He was

serving an eight-year sentence for manslaughter and other

offenses. On March 10, 2016, a corrections officer observed Thakur

and another inmate exchanging punches to the head and upper body,

when the inmates were going to their cells after unit recreation.

 The officer ordered the inmates to stop fighting, and he

called a Code-33 to alert other staff members that there was an

emergency in the prison and assistance was needed to respond. The

officers separated the inmates. The inmates were secured and

removed from the unit. Medical personnel examined Thakur and found

that he had superficial scratches on his neck. The other inmate

involved in the altercation did not have any injuries, but he had

blood on his nose.

1
 We note that effective January 3, 2017, N.J.A.C. 10A:4-4.1 was
substantially rewritten. 48 N.J.R. 915(a) (June 6, 2016); 49 N.J.R.
105(a) (January 3, 2017). Because the sanctions at issue here were
imposed before the effective date of the new regulations, they do
not apply to this matter.

 2 A-4253-15T3
 On March 11, 2016, a disciplinary charge was served upon

Thakur for fighting with another person. The charge was

investigated, determined to have merit, and referred to a hearing

officer for further action. The hearing began on March 14, 2016,

Thakur pled not guilty, and he was granted the assistance of

counsel substitute.

 At some point, Thakur asked the hearing officer to obtain a

videotape of the incident, which he claimed would show that he had

been trying to avoid the other inmate, and that he had approached

an officer to complain about the inmate. The hearing was postponed

so that the hearing officer could obtain the videotape. The hearing

was postponed several more times and concluded on March 30, 2016.

 At the hearing, Thakur claimed the other inmate demanded that

he start paying "rent" to stay in his cell because the other inmate

"runs the unit." Thakur asserted that this inmate's demand for

rent caused the fight. He claimed to be defending himself against

what he says was an act of extortion. Thakur did not present any

witnesses at the hearing, and he declined the opportunity for

confrontation. Thakur's counsel substitute requested leniency.

 The hearing officer found Thakur guilty of the charge, noting

in the adjudication report that Thakur had not offered any evidence

to contradict the staff members' reports of the incident. The

hearing officer found that Thakur had been involved in an

 3 A-4253-15T3
altercation with another inmate and Thakur was the initial

aggressor. The hearing officer imposed the following sanctions:

120 days of administrative segregation, the loss of 170 days of

commutation time, and the loss of thirty days of recreation

privileges.

 Thakur filed an administrative appeal, claiming that he acted

in self-defense. He denied he was the aggressor. Assistant

Superintendent Anthony Gangi upheld the hearing officer's finding

of guilt and the sanctions imposed. This appeal followed.

 On appeal, Thakur argues that the agency's finding of guilt

should be vacated because he was denied the right to "view footage

from the [site] of the alleged infraction." He claims he requested

the video from "the test area (law library)" that "would have

produced an unbiased piece of crucial evidence," but his request

was denied. He also asserts that he was denied the right to call

witnesses and present evidence.

 "In light of the executive function of administrative

agencies, judicial capacity to review administrative actions is

severely limited." George Harms Constr. Co. v. N.J. Turnpike Auth.,

137 N.J. 8, 27 (1994). When reviewing a determination of the

Department in a matter involving prisoner discipline, we consider

whether there is substantial evidence that the inmate committed

the prohibited act and whether, in making its decision, the NJDOC

 4 A-4253-15T3
followed the regulations adopted to afford inmates procedural due

process. McDonald v. Pinchak, 139 N.J. 188, 194-95 (1995); Jacobs

v. Stephens, 139 N.J. 212, 220-22 (1995).

 As we have explained, the disciplinary hearing was adjourned

at Thakur's request so that a videotape of the incident could be

obtained. Thakur claimed that the videotape would show the other

inmate was the aggressor and started the fight at the door to his

cell. The hearing officer granted this request. The videotape was

reviewed, but the hearing officer found that Thakur was the

aggressor and he was guilty of fighting with another person.

 Thakur asserts that he made a request for video footage from

the so-called test area (law library), which he claims contained

crucial evidence. Thakur did not, however, mention the law-library

video in his written request for evidence. In addition, Thakur and

his counsel substitute did not request that tape during the

hearing.

 Therefore, the record does not support Thakur's assertion

that the hearing officer denied his request for evidence related

to the charge. Furthermore, the incident that resulted in the

disciplinary charge took place in Thakur's housing unit, not the

law library. The law-library tape, which allegedly was recorded

some time before the fight in the housing unit, did not contain

evidence directly relevant to the charge.

 5 A-4253-15T3
 We therefore conclude that there is sufficient credible

evidence in the record to support the NJDOC's determination that

Thakur committed prohibited act *.004 and the NJDOC complied with

the applicable regulations in adjudicating the charge.

 Affirmed.

 6 A-4253-15T3